IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

IRVIN CARABALLO TORRES,
MARIA TERESA FORS RODRIGUEZ

Debtor(s)

CASE NO. 15-06680-BKT13

Chapter 13

FILED & ENTERED ON 9/10/2020

## OPINION AND ORDER

Before this court is a *Motion for Summary Judgment* [Dkt. No. 157], filed by Irvin Caraballo Torres and Maria Teresa Fors Rodriguez (hereinafter, "Debtors") and a *Reply to Motion for Summary Judgment* [Dkt. No. 175] filed by Firstbank de Puerto Rico (hereinafter, "Firstbank").

For the reasons stated herein, Debtor's Motion for Summary Judgment is hereby DENIED.

### I.      Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao

1

Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non-movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also, Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, Debtors argue that there are no genuine issues as to any material facts and that therefore they are entitled to judgment as a matter of law. Debtors contend the following facts to be undisputed:

On August 31, 2015, Debtors filed a Chapter 13 Bankruptcy petition. Bankruptcy docket entry 1.

Firstbank filed Proof of Claim No. 5 detailing Debtors' pre-petition mortgage debt, up to September 16, 2015, alleging arrears in the amount of $1,163.38. See exhibit Proof of Claim No. 5.

On December 12, 2017, the Debtors' filed an Amended Post Confirmation Chapter13 plan dated December 12, 2017. See docket No. 73

On December 12, 2017, the Debtors' filed Proof of Claim No. 9 for post petition arrears incurred during the months of October, November & December 2017. See Proof of Claim No. 9.

The Amended Post Confirmation Chapter 13 plan filed at Docket No. 73, provided in section 3.1 of the plan that the post petition mortgage arrears as claimed in Proof of Claim No. 9 would be paid by the Chapter 13 Trustee. See docket No. 73.

The Amended Post Confirmation Chapter 13 plan filed at Docket No. 73 was approved and/or confirmed on January 19, 2018. See docket No. 93.

The mortgage payment corresponding to the month of January 2018, was the first mortgage payment due under the approved Post Confirmation Chapter 13 plan filed at Docket No. 73.

3

Firstbank did not file a proof of claim for the post petition amounts being provided for in Amended Post Confirmation Chapter 13 plan filed at Docket No. 73.

The Debtors have made all the monthly mortgage payments that have accrued since the confirmation and approval of the Amended Post Confirmation Chapter 13 plan filed at Docket No. 73.

On October 3, 2018, Firstbank filed a Motion for Relief From Stay Under 362, alleging, Debtors' had incurred in six (6) post petition mortgage payments, without specifying which months were in arrears. See docket No. 100.

During the pendency of this case Firstbank has not filed any Notices of Postpetition Mortgage Fees, Expenses and Charges.

On January 27, 2020, Firstbank filed Amended Proof of Claim No. 5-2 alleging Debtors' post petition mortgage arrears in the amount of $4,985.00. See Proof of ClaimNo. 5-2.

In the attachments for the aforementioned Proof of Claim, Firstbank claims the postpetition arrears pertain to the months of March through July 2019. See pages 4 of 10 of proof of claim 5-2.

## II. Legal Analysis

In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense *or* demonstrate that the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion

4

Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990). Regardless, in order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. Id. Therefore, the primary inquiry this Court must decide first is whether the Debtors, as moving party, carried this initial burden of production.

In this case, as of the filing of the petition, fifty-nine (59) payments have accrued and became due, starting on September 2015 through August 2020. Pursuant to the evidence provided by Firstbank in its Reply, as of the filing of the petition, Debtors made fifty-two (52) of the fifty-seven (57) payments accrued by June 2020. Contrariwise, the evidence submitted by Debtors is insufficient to prove that they are current with all post-petition payments as the same only proves that Debtors made payments from January 2018 through February 2020.

After reviewing the Debtors' arguments, and the relevant law, this Court concludes that there are genuine issues as to material facts and that the moving party is not entitled to judgment as a matter of law. This Court cannot answer the relevant inquiry of whether the Debtors are, in fact, current with their mortgage payments owed to Firstbank.

WHEREFORE, IT IS ORDERED that Debtors' Motion for Summary Judgment shall be, and hereby is, DENIED. Clerk to schedule a final hearing on the motion for relief from stay.

SO ORDERED.

In San Juan, Puerto Rico this 10th day of September 2020.

Brian K. Tester
U.S. Bankruptcy Judge

5